UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

QUARTET MUSIC, INC., et al.,

                      Plaintiffs,

                                                  Case No. 1189/2008

    -against-

OLD BLACKTHORN INN, INC., et al.,

                      Defendants.

----------------------------------------------------------------x

## **CONSENT JUDGMENT**

The complaint in the above-captioned action having been filed on March 24, 2008, service on Defendants Old Blackthorn Inn, Inc. and Steve Fleming (collectively the "Defendants") is hereby acknowledged; and the parties having agreed that the Court may find: (1) that Plaintiffs were, on the dates alleged on Schedule A to the complaint, the respective owners of valid copyrights in the five songs listed on Schedule A to the complaint; (2) that Plaintiffs' songs were performed publicly at Defendants' establishment known as Cannon's Black Thorn Inn, located at 49 North Village Avenue, in Rockville Centre, New York (the "Establishment") on September 9, 2007, without permission of the Plaintiffs or license from their performing rights licensing organization, the American Society of Composers, Authors and Publishers ("ASCAP"); (3) that at all relevant times, Defendants owned and operated an establishment known as Cannon's Black Thorn Inn in Rockville Centre, New York; (4) that such performances of Plaintiffs' songs were willful infringements of Plaintiff's copyrights; and (5) that there is a danger that such infringing conduct will continue thereby causing irreparable

injury to Plaintiffs for which damages cannot be accurately computed, and necessitating the granting of injunctive relief against Defendants' continued infringing conduct; and the parties having further agreed, that the Court shall enter final judgment on the foregoing findings. It is therefore,

**ORDERED, ADJUDGED, AND DECREED:**

1. Defendants are enjoined and restrained permanently from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory at the Establishment and from causing or permitting copyrighted musical compositions in the ASCAP repertory to be publicly performed at the Establishment, or any other facility owned and controlled by Defendants, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the copyright owner or by license with ASCAP.

2. Plaintiffs shall recover of and from Defendants damages in the amount of $10,000 (the "Judgment Amount") provided, however, that the judgment may be satisfied upon the payment of $7,500 (the "Settlement Amount") in accordance with the payment schedule set forth below. Said payments shall be paid to the American Society of Composers, Authors and Publishers ("ASCAP"), at its office at One Lincoln Plaza, New York, New York 10023, Attention: Melissa Battino Purin, Esq. as follows:

| Date | Payment |
|---|---|
| July 1, 2008 | $1,500 |
| August 1, 2008 | $1,500 |
| September 1, 2008 | $1,500 |
| October 1, 2008 | $1,500 |
| November 1, 2008 | $1,500 |

3. The payments made by Defendants pursuant to paragraph 2 above shall be delivered so that they <u>arrive</u> no later than the due dates set forth in paragraph 2 above.

4. ASCAP shall offer, and Defendants shall execute, a license agreement with ASCAP for the Establishment for the term commencing January 1, 2008, at the annual rate of $1,330 and renewable on January 1, 2009, and each subsequent year thereafter and they shall comply with all of the terms and conditions of that agreement.

5. Upon timely receipt of the amounts owed pursuant to paragraphs 2 and 3 above, (a) Defendants shall be deemed to have paid to ASCAP all license fees owed for the Establishment through December 31, 2008, and an additional sum representing damages and legal expenses incurred by ASCAP on behalf of the Plaintiffs in the prosecution of this action; provided that in no event or circumstance shall ASCAP owe any reimbursement of, or be obligated to return, any portion of the Settlement Amount, even if the operating policy of the Establishment changes such that a lower license fee would be applicable in 2008 than the current rate, or if the Establishment is sold or closes; and (b) Plaintiffs shall thereupon cause to be filed a Satisfaction of this Consent Judgment.

6. In the event that Defendants shall default in making any payments provided for in paragraphs 2 and 3 above; or in the event that any of Defendants' checks tendered in payment of the Settlement Amount if dishonored by Defendants' bank for any reason (including, but not limited to, insufficient funds); or in the event that Defendants' file for bankruptcy; or in the event Defendants fail to comply with their obligations under this Consent Judgment; or in the event that Defendants fail to give notice to ASCAP as required by paragraph 8 below; then on ten (10) days notice of such default or other event, and provided such default is not cured within the ten-day period, the Judgment Amount, plus statutory interest accruing from the date of entry of this

Consent Judgment, less any payments made by Defendants pursuant paragraph 3 above, shall become due; and Plaintiffs may pursue all remedies provided by law to collect such amount then owed. In the event that any of the Defendants file for bankruptcy, any balance on the Judgment Amount shall be deemed a non-dischargeable debt.

7. In the event that Defendants enter into or execute a contract for the sale, transfer or assignment of the Establishment during the period covered by the payment provisions of paragraph 2 above, Defendants shall, within ten (10) days of executing or entering into such a contract, give notice to ASCAP of said pending contract and shall, in advance of such sale, transfer or assignment, cause arrangements to be made for the payment of any balance then owed pursuant to the terms of this Consent Judgment not later than the closing of such sale, transfer or assignment.

8. Any notices required by this Consent Judgment to be sent either to ASCAP or to Plaintiffs shall be sent by regular U.S. Mail or overnight delivery service to Plaintiffs' undersigned counsel; or to Defendants at the Establishment by regular U.S. Mail or overnight delivery service with a copy to Defendants' undersigned counsel at his offices.

Dated this 29th day of September, 2008.

OLD BLACKTHORN INN, INC.

BY: _____
Name:
Title:

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

4

Personally appeared before me, on the 24 day of Sept 2008, the undersigned authority in and for the aforesaid jurisdiction, _____, who acknowledged to me under oath that he is the President of Old Blackthorn Inn, Inc. with authority therefrom, and verifies the foregoing Consent Judgment; and that the facts stated therein are true and correct.

Witness my hand and official seal.

Sworn before me this
24 day of Sept, 2008.

_____
Notary Public

[Notary seal: STEPHEN HOLIHAN, Notary Public, State of New York, ... County, Term Expires June 22, 20__]

DATED this 24 day of Sept, 2008.

_____
STEVE FLEMING

_____
STEPHEN HOLIHAN, ESQ.
Holihan & Associates, P.C.
56-29 Metropolitan Avenue
Ridgewood, New York 11385

Attorney for Defendants
OLD BLACKTHORN INN, INC., et al.


RICHARD H. REIMER, ESQ.
SDNY NO. RHR -7878
MELISSA BATTINO, ESQ.
SDNY NO. MB-0449
ASCAP Building
One Lincoln Plaza
New York, New York 10023
(212) 621-6261

WHITE & CASE, LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

5

Attorneys for Plaintiffs

By: _____
MELISSA BATTINO
Attorney in the ASCAP
Legal Department

BY THE COURT:

_____     Dated: Central Islip, NY
United States District Judge            10/8/08